**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

November 29, 2018

**VIA EMAIL**
The Honorable William H. Walls
Senior United States District Judge
Martin Luther King Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *United States v. Germaine H. King*, Crim. No. 18-379 (WHW)

Dear Senior Judge Walls:

As this Court is aware, Anthony Pope, Esq. previously represented Germaine H. King (the "Defendant"). Mr. Pope filed a motion to withdraw as the Defendant's counsel (the "Motion") on October 15, 2018. The Motion was granted by Magistrate Judge Waldor on November 27, 2018. The Defendant is currently representing himself in this matter.

The United States respectfully submits this letter to request that the Court conduct an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975). The Supreme Court recognized a right of self-representation implied by the Sixth Amendment right to counsel in *Faretta. See id.* at 820. A *Faretta* inquiry is triggered where the defendant clearly and unequivocally asserts a desire to proceed *pro se. United States v. Robinson*, 2016 WL 7336609 (3d Cir. Dec. 19, 2016).

To permit the Defendant to waive his right to counsel and to exercise the right to self-representation, the Court must make sure the Defendant understands the ramifications of this decision and ensure that the necessary procedural safeguards are complied with. Before accepting a waiver of the right to counsel, and thereby allowing the Defendant to proceed *pro se*, the Third Circuit requires the trial court to determine the following:

First, "[t]he defendant must assert his desire to proceed *pro se* clearly and unequivocally."

Second, "[t]he court must inquire thoroughly to satisfy itself that the defendant understands 'the nature of the charges, the range of possible punishments, potential defenses, technical problems that the defendant may encounter, and any other facts important to a general understanding of the risks involved.'"

Lastly, "[t]he court must 'assure itself' that the defendant is competent to stand trial." *United States v. Peppers*, 302 F.3d 120, 132 (3d Cir. 2002).

A formal *Faretta* hearing on the record is required in this case to protect the Defendant's rights, to inform him of the role of standby counsel, and to make a clear record of the proceedings in the event of an appeal. The Government respectfully requests that the Court ask the Defendant the following questions:

1. Do you understand that you have a right to a lawyer?

2. Do you understand that if you cannot afford to hire your own lawyer, and if you qualify for a court appointed lawyer, I will appoint a lawyer right now?

3. Shall I appoint a lawyer to represent you?

4. Let me tell you a few ways in which a lawyer might help you.

    a. A lawyer can tell you if the decision to represent yourself is in your best interests.

    b. A lawyer has the experience to help you negotiate with the United States for favorable plea terms, if you wish to plead guilty.

    c. A lawyer can tell you the advantages and disadvantages of what you might say to the Jury if you decided to proceed to trial.

5. As an alternative, if you like, I can appoint standby counsel if you have any questions in the course of these proceedings.

6. Do you understand how necessary a lawyer is and how he or she could assist you?

7. I need to ask you a few questions about your background.

   a. How old are you?

   b. Can you read and write English?

   c. What is your educational background?

   d. Have you ever studied law?

   e. Are you under the influence of any drugs, alcohol and/or medication now?

   f. Have you been under the influence of any drugs, alcohol and/or medication in the last 48 hours?

   g. Have you ever been diagnosed with a mental illness?

8. Has anyone told you not to hire a lawyer or ask for an appointed lawyer?

9. Has anyone threatened you if you do so?

10. Do you have any questions about having a lawyer appointed to defend you?

11. Have you ever represented yourself?

    a. If yes, was it in a criminal matter?

    b. Was in a Federal or State case?

12. Do you understand that you are charged with the following crimes in the Indictment:

    a. Count One – Conspiracy to Commit Bank and Mail Fraud, in violation of Title 18, United States Code, Section 1349;

    b. Counts Two through Four – Bank Fraud, in violation of Title 18, United States Code, Sections 1344 and 2;

    c. Count Five – Conspiracy to Commit Mail Fraud, in violation of Title 18, United States Code, Section 1349; and

    d. Counts Six through Fifteen – Mail Fraud, in violation of Title 18, United States Code, Sections 1341, 1349 and 2.

13. Do you understand that if you are found guilty of the crime charged in Count One of the Indictment, the Court could sentence you to as many as 30 years in prison and impose a statutory fine equal to the greater of $1,000,000, or twice the gross profits or proceeds to you?

14. Do you understand that if you are found guilty of the crimes charged in Counts Two through Four of the Indictment, the Court could sentence you to as many as 30 years in prison as to each count, and impose a statutory fine equal to the greater of $1,000,000, or twice the gross profits or proceeds to you, as to each count?

15. Do you understand that if you are found guilty of the crime charged in Count Five of the Indictment, the Court could sentence you to as many as 20 years in prison and impose a statutory fine equal to the greater of $250,000, or twice the gross profits or proceeds to you?

16. Do you understand that if you are found guilty of the crimes charged in Counts Six through Fifteen of the Indictment, the Court could sentence you to as many as 20 years in prison as to each count, and impose a statutory fine equal to the greater of $250,000, or twice the gross profits or proceeds to you, as to each count?

17. Do you understand that if you are found guilty of more than one of these crimes the Court can order that the sentences be served consecutively, that is, one after another?

18. Do you understand that there are advisory sentencing guidelines that may have an effect on your sentence if you are found guilty?

19. Do you understand that if you represent yourself you are on your own? I cannot tell you or even advise you how you should try your case.

20. Are you familiar with the Federal Rules of Evidence?

21. Do you understand that the Federal Rules of Evidence govern what evidence may or may not be introduced at trial and that, in representing yourself, you must abide by those rules?

22. Are you familiar with the Federal Rules of Criminal Procedure?

23. Do you understand that you must follow the Federal Rules of Criminal Procedure at trial?

24. Do you understand that those rules govern the way a criminal action is tried in federal court, that you are bound by those rules, and that they will not be relaxed for your benefit?

25. Do you understand that you may proceed by calling witnesses and asking them questions if you wish, and that, except when and if you yourself testify, you will not be permitted to tell the jury matters that you wish them to consider as evidence?

26. Do you understand that it may be much easier for an attorney to contact potential witnesses, gather evidence, and question witnesses than it may be for you?

27. I must advise you that in my opinion a trained lawyer would defend you far better than you could defend yourself. I think it is unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the rules of evidence. I strongly urge you not to try to represent yourself.

28. Now, in light of the penalties that you might suffer if you are found guilty, and in light of all of the difficulties of representing yourself, do you still desire to represent yourself and to give up your right to be represented by a lawyer?

29. Do you have any questions or do you want me to clarify or explain further anything that we have discussed here?

30. Is your decision entirely voluntary?

31. If the answers to the two preceding questions are "yes," the United States respectfully requests that the Court consider stating the following on the record:

> I find that the Defendant has knowingly and voluntarily waived the right to counsel. I will therefore permit the Defendant to represent himself.

Thank you for your consideration.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

*s/LAKSHMI SRINIVASAN HERMAN*
By: LAKSHMI SRINIVASAN HERMAN
ANTHONY MOSCATO
Assistant United States Attorneys

cc: Germaine H. King (via certified mail and ECF)