UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Crim. No. 18-379 (CLW) |
| vs. | ) | Judge WILLIAM H. WALLS |
| | ) | |
| GERMAIN H. KING | ) | |
| DANIEL DXRAMS | ) | |

# DEFENDANT'S TRIAL MEMORANDUM AND CONSOLIDATED IN LIMINE MOTIONS

Michael A. Orozco, Esq.
Price, Meese, Shulman & D'Arminio, PC
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
(201) 391 3737
morozco@pricemeese.com
Bar ID#: 017392003

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................ 3

**I. SELF-AUTHENTICATING BUSINESS RECORD/PUBLIC RECORD CERTIFICATIONS and *IN LIMINE* MOTION TO BAR GOVT. EVIDENCE** .................. 4

**II. Intrinsic Evidence And/Or 404 (b) Evidence** ........................................ 6

**A. The Evidence Proffered By The United States Is Not Intrinsic** ........................................ 6

**B. *IN LIMINE* motion to preclude testimony** ........................................ 8

**C. *IN LIMINE* motion to preclude reference to Defendant's income** ........................................ 10

**D. *IN LIMINE* motion to preclude reference or use of a/k/as.** ........................................ 10

**III. Summary & Demonstrative Charts/Programs, *IN LIMINE* motion to bar certain demonstrative charts produced by the government** ........................................ 11

**IV. Good Faith Basis For Questions** ........................................ 12

**V. Admissions of a Party and Co-Conspirator Statements** ........................................ 13

**VI. Hostile or Adverse Witnesses and Leading Questions** ........................................ 14

**VII. Chain of Custody and Authenticity of an Exhibit** ........................................ 15

**CONCLUSION** ........................................ 16

## PRELIMINARY STATEMENT

The Defendant Daniel Dxrams, by and through his attorney Michael A. Orozco, respectfully submits this memorandum pertaining to evidentiary issues that will likely arise during trial; in limine motion regarding 404(b) material, authenticity of documents; and, admissions of certain charts/summaries. Defendant hereby incorporates all previously filed briefs and letter briefs into this submission, if applicable, and will refer to those documents where and if necessary. Defendant requests leave to supplement this memorandum if other issues arise during trial which have not been addressed either by the Government or by way of submission from any party.

## I. SELF-AUTHENTICATING BUSINESS RECORD/PUBLIC RECORD CERTIFICATIONS and *IN LIMINE* MOTION TO BAR GOVERNMENT EVIDENCE.

The United States will likely seek to introduce business records in this trial under the business records exception to the hearsay rule. Fed. R. Evid. 803 (6), Fed R. Evid. 902. (11). Fed. R. Evid. 803 (6) excepts from the hearsay rule certain documents that are authenticated under the foundational requirements of Fed. R. Evid. 902 (11). Such evidence can be offered without the testimony from the custodian of the records in question. United States v. Klinzing, 315 F.3d 803, 805 (7th Cir. 2003). In order for a document to qualify under Rule 902 (11) that document must meet the following criteria:

A) The record was made at or near the time of the occurrence of the matter

B) The record was set forth by, or from information transmitted by, a person with knowledge of those matters

C) The record was kept in the course of regularly conducted activity

D) The record was made by the regularly conduct activity as a regular practice

Fed. Rule Evid. 902 (11). Once all of these steps have been shown, the document can be admitted, if it is **accompanied** by a written declaration by a qualified custodian, certifying that the record meets the above-mentioned criteria. Klinzig, 315 F.3d at 805. In addition to this requirement the party seeking to offer the record into evidence must have notified all adverse parties and made the record available to them sufficiently in advance of their introduction into evidence. Fed. Rule Evid. 902 (11). Additionally,

> Each participant in the chain producing the record -- from the initial observer-reporter to the final entrant -- must be acting in the course of this regularly conducted business, or must meet the test of some other hearsay exception. The reason underlying the business records exception fails if any of the participants is outside the pattern of regularity of activity.

> The mere fact that recordation of third party statements is routine, taken apart from the source of the information recorded, imports no guaranty of the truth of the statements themselves. There is no reason for supposing an intention to make admissible hearsay of this sort. So to construe these statements would make of them almost limitless dragnets for the introduction of random, irresponsible testimony beyond the reach of the usual tests for accuracy.
>
> The essential link is sometimes broken because the supplier of the data is not acting within the course of a regular business. A recurring situation is that of a "volunteer" offering information to persons conducting an inquiry or investigation. The person to whom the information is offered cannot qualify as the initial person in the chain because he does not have personal knowledge of the underlying event.

Cleveland v. Cleveland Electric Illuminating Co., 538 F. Supp. 1257, 1270-71 (N.D.O. 1980). (Quoting 4 Weinstein's Evidence at pp. 803 (footnotes omitted)). The court retains its power to judge the validity of the documents sought to be admitted under the business records exception; "The benchmark question in…every situation involving the admission of documentary evidence: do the documents bear the indicia of reliability?" United States v. Strickland, 935 F.2d 822, 831 (7th Cir. 1991).

In the instant case, upon the introduction of such business records, the Defendant may object to them, on the basis that such documents may have been altered during the course of the investigation, were not handled by all parties in the regular course of business, or were not accompanied by the appropriate certification from the custodian of records, and thus have become inadmissible hearsay or the documents do not meet the requirements of Fed. Rule Evid. 902 (11) and Klinzig. Based upon recent conversations with the government, it is expected that they will be producing (if not previously produced) all certifications associated with all grand jury subpoenas issued in order to obviate the need to call certain, or potentially all, custodians of record.

If the United States seeks to introduce any public records or reports, they may attempt to do so under the public records exception to the hearsay rule. Rule 803 (8) states

> "Records, reports, statements, or date compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to a duty imposed by law as to which matters there was a duty to report, **excluding, however**, in criminal cases matters observed by police officers and other law enforcement personnel or…unless the sources of information or other circumstances indicate lack of trustworthiness."

Fed. Rule Evid. 803 (8). (Emphasis added) Records that meet these requirements can be self-authenticated when they are certified by a custodian with appropriate authority as a copy of an official public record. Fed. Rule Evid. 902 (4).

Upon introduction of such evidence by the United States, the Defendant will likely object on the bases that the sources of the information lack trustworthiness. Defendant is unable to specifically identify which exhibits or pieces of evidence, if any, that it will object to as defendant has not received the Government's trial list of exhibits or binders.

## II. Intrinsic Evidence And/Or 404 (b) Evidence

The United States may to introduce in its case-in-chief evidence of Defendant's falsification of income and other information in association with his application for credit when purchasing a vehicle. For the reasons set forth below, any alleged fraud in the application process must be barred at the time of trial.

### A. The Evidence Proffered By The United States Is Not Intrinsic

Intrinsic evidence is not included under Federal Rule of Evidence 404 (b). Fed. Rule Evid. 404 (b), Advisory Committee Notes to 1991 Amendments. The definition of intrinsic evidence is broad; however, to be intrinsic the United States must show that the "other act and the evidence of the crime charged are part of a '**single criminal episode**' or the other acts were '**necessary** preliminaries' to the crime charged." United States v. Williams, 900 F.2d 823, 825 (5th Cir. 1990) (citing United States v. Torres, 685 F.2d 921, 924 (5th Cir. 1982) and United States. v. Stovall, 825 F.2d 817, 825 (5th Cir. 1987)).

> "'One of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but for the extrinsic offense.' The court continued, 'this danger is particularly great where, as here, the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged.'"

United States v. Dowling, 855 F.2d 114, 122 (3rd Cir. 1988) (citing United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920, 99 S. Ct. 1244, 59 L. Ed. 2d 472 (1979)) See Huddleston v. United States, 485 U.S. 681 (1988). Such, "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston, 485 U.S. at 688. Moreover, "Rule 404(b) presupposes the existence of *other* crimes. When the evidence of another crime is necessary to establish an element of the offense being tried, there is no "other crime," and thus the evidence is intrinsic and not subject to the limitations imposed by Rule 404 (b)." United States v. Bylden, 964 F.2d 1375, 1378 (3rd Cir. 1992). (Emphasis in the original) Other courts have admitted evidence as intrinsic when that evidence is "inextricably intertwined" or is being used to complete the story of the crime on trial. See United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) cert. denied, 490 U.S. 1101, See Also United States V. Royal, 972 F.2d 643, 647 (5th Cir. 1992), cert. denied, 507 U.S. 911 (1993).

While this is an admittedly broad standard, the alleged falsification in defendant's credit application from over a year before he was alleged involved in a conspiracy with co defendant is neither inextricably intertwined nor is it necessary to complete the story of the crime charged. Assuming that the fraud occurred in the exact manner stated by the United States, it is still completely irrelevant to the crime charged and is most certainly remote in time to the charged crimes. Moreover, one crime had nothing to do with the other. It is only linked to the instant case in that the vehicle's title was allegedly obtained through false pretenses. The question the court should as is whether this evidence would "complete the story" of the crime charged. United States

v. Sriyuth, 98 F.3d 739, 747 (3rd Cir. 1997). Here it does not complete the story; it instead adds a completely irrelevant story which is nothing more than prejudicial to Mr. Dxrams. The story delineated in the indictment is complete, and nothing concerning how Mr. Dxrams obtained title or credit for the subject vehicles is even mentioned. It instead focuses on the conspiracy, and nothing more. For the Jury to understand the present charges they do not need to know what other actions Mr. Dxrams took in obtaining title or possession of the vehicles.

**B. *In Limine* application to preclude testimony**

The Court should not allow evidence of the defendant's applications for the vehicles because it is unduly prejudicial under Federal Rule of Evidence 403 and irrelevant under Federal Rule of Evidence 401. Rule 404 (b) states in pertinent part that, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Thus, the rule only precludes evidence of other crimes, wrongs and acts when they are introduced in order to show the character of a person to show action in conformity therewith. In order to enter this evidence the United States (in a drug possession case) "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed drug offenses before, he therefore is more likely to have committed this one." United States v. Sampson, 980 F.2d 883,888 (3rd Cir. 1992). The same logic should apply in this case.

To elucidate this concept, "The Supreme Court has provided guidance to admit evidence under Fed. R. Evid. 404(b). The other-acts evidence must: (1) have a proper purpose; (2) be relevant; (3) have a probative value that outweighs its potential for unfair prejudice; and (4) be

accompanied by a court's charge to the jury to consider it only for the limited purpose for which it is being admitted. Government of Virgin Islands v. Harris, 938 F.2d 401,419 (3rd Cir. 1991) (Citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)).

In the instant case, the United States may offer the evidence of the alleged falsification for the purpose of demonstrating proof of (a) the defendant's plan and preparation for the subject conspiracy; (b) the defendant's identity; (c) the defendant's intent to commit the crime of fraud; and (d) the lack of any mistake or accident in identifying the defendant. Regarding the four purposes offered, none of them are applicable in the instant matter, and they merit no consideration. Assuming they are, we move to the next level of the analysis and look to see if the evidence is relevant under Rule 401. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. Rule Evid. 401. In this case, no fact at issue will be made more probable by knowing that the Defendant Dxrams may have committed a crime a full year before the instant alleged conspiracy.

Regarding the third factor to be considered, the evidence of the alleged falsification is highly prejudicial. "Relevant other crimes evidence may be excluded if the probative value of the evidence is substantially outweighed by the danger of undue prejudice." Sriyuth, 98 F.3d at 746, (citing United States v. Scarfo, 850 F.2d 1017, 1019 (3rd Cir. 1988). This case fits this rubric; the evidence of the falsification is highly prejudicial because whether or not it occurred has no bearing on the indicted charges. Additionally, to provide enough evidence for the jury to understand the scope of the falsification, the United States will have to introduce multiple witnesses and many pieces of physical evidence. This will inevitably lead to a situation where it will be impossible to

know if the jury convicted the Defendant for the charges under the indictment or for some other reason.

Nevertheless, if the evidence is admitted, the Defense will be requesting an instruction appropriately limiting the use of that evidence by the jury to the appropriate purpose under Rule 404 (b). See Becker v. ARCO Chemical Co., 207 F.3d 176, 189 (3rd Cir. 2000).

**C. *In Limine* motion to preclude reference to defendant's income.**

This evidence is irrelevant as it does not make any issue of fact more or less relevant. Fed. Rule Evid. 401. There are no financial records which would indicated that Defendant was in deep with debt, so much so that he could not afford to pay for any of the vehicles which were subsequently sold or were part of any alleged fraud. In addition, this evidence is unduly prejudicial as it gives the impression that Mr. Dxrams, as a state employee, could not afford the subject vehicles unless he was engaging in some type of illegal activity. The court should not allow such a prejudicial accusation, whether in a civil setting or criminal, into evidence on the basis of an unsubstantiated or illusory allusion. The focus must be on unfairness in the sense that it would persuade by illegitimate means. McQueeney v. Wilmington Trust Co., 779 F.2d 916, 923 (3rd Cir. 1985).

**D. *In Limine* motion to preclude use of any a/k/a or like term during trial.**

The Government's criminal complaint, indictment, superseding indictment, and second superseding indictment list several a/k/a for Mr. Dxrams. In the instant matter, the Government does not allege, nor can it even prove, that any of the a/k/as were for any illegitimate or illegal activity. In fact, the a/k/as were all legally done, as Mr. Dxrams, born in the United States as Randy Amoateng, changed his name to Daniel Dxrams after high school, then legally changed his name again to Daniel Kusi as it was his mother's maiden name. The implication of an a/k/a is that

Mr. Dxrams was doing something nefarious using the names, was/or is part of a gang, etc. Thus, the use of the names as an a/k/a should be prohibited as the name changes were all legally done.

**III. Summary & Demonstrative Charts/Programs, *In Limine* motion to bar certain demonstrative charts produced by the Government.**

The United States may seek to introduce summary and demonstrative charts of their evidence during their case in chief. Such evidence can be admitted pursuant to Federal Rule of Evidence 1006 and 611(a). See Government's Brief, pg. 17. However, the United States must allow the defense to inspect any original records that these charts purportedly represent, especially if they have not already been presented. Hackett v. Housing Authority of San Antonio, 750 F.2d 1308, 1312 (5th Cir.). cert. denied, 474 U.S. 850 (1985). These records of course must also conform to all other evidentiary rules, the information must be relevant, not improperly prejudicial, and must contain no improper hearsay. Id.

> "Before the chart, summary, or calculation may be admitted, it is necessary for the party offering the exhibit to lay a proper foundation for the admission of the original or duplicate materials on which the exhibit is based, or for the parties to stipulate to the admissibility of the materials. Charts, summaries, or calculations are inadmissible as evidence if, for any reason, the original or duplicate materials on which they are based are inadmissible. Thus, if the original materials contain hearsay and fail to qualify as admissible evidence under one of the exceptions to the hearsay rule, the chart, summary, or calculation based on that material is inadmissible."

United States v. Johnson, 594 F.2d 1253, 1256 (9th Cir.) cert. denied, 444 U.S. 564 (1979) (citing 5 Weinstein on Evidence P 1006(03), at 1006-5 to 1006-6). In addition to these requirements the United States must also allow the person who prepared the charts to be subject to cross-examination. United States v. Strauss, 473 F.2d 1262, 1263 (3d Cir. 1973).

The United States may also seek to introduce demonstrative charts and summaries under Rule 611(a). "The admission of summaries is committed to the sound discretion of the trial court." United States v. Paulino, 935 F.2d 739, 753 (6th Cir.) cert. denied, 502 U.S. 917 (1992). Such

admissions must be accompanied by a limiting instruction, instructing the jury of the purpose of the summary and advising them that it is not evidence. Id. The trial court must take care and ensure that such a summary is not too conclusory or as placing incorrect emphasis on certain parts of the United States case. United States v. Scales, 594 F.2d 558, 564 (6th Cir. 1979).

In the instant matter the Government has provided summary charts from Mr. Dxrams' bank accounts. The summary charts also list deposits from his employer, cash deposits, etc., all of which pre date the alleged conspiratorial conduct. There is no relevant basis for the introduction of 'evidence' from 2015 or 2016 since these years predate the alleged fraud. As such, the vast majority of the chart is inadmissible hearsay which can form no part of a Rule 1006 summary. See Hacket v. Housing Authority of San Antonio, 750 F.2d 1308, 1312 (5th Cir. 1985). If the United States does seek to introduce evidence under Rule 611(b) or 1006 in their case in chief, the Defendant will request an appropriate limiting instruction. Id. See United States v. Pinto, 850 F.2d 927, 935 (2d Cir.), cert. denied, 488 U.S. 867, 932 (1988).

**IV. Good Faith Basis For Questions**

Unquestionably, the scope and extent of testimony is at the discretion of the trial judge. A defendant is entitled to cross examine a witness regarding issues or events if a jury might reasonably have found the issues or events to furnish the witness with a motive for favoring prosecution in his/her testimony. United States Constitution, Amend. VI; see also, Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (holding that prohibiting questioning about events which could furnish motivation for favoring the prosecution violated the Confrontation Clause). Thus, Defendant submits that questions regarding any allegedly related events as well as their plea agreements is entirely permissible and allowed. See United States v. Chandler, 326 F.3d 210, 222 (3rd Cir. 2003). Similar good faith bases must be used by all counsel in this case.

**V. Admissions of a Party and Co-Conspirator Statements**

The United States may seek to offer evidence of statements spoken or written by the Defendant Dxrams. They may attempt to do so as admissions of a party opponent under Federal Rule of Evidence 801 (d)(2)(a). This evidence may be admitted as long as the United States lays an appropriate basis to show that the statement was actually spoken or written by the Defendant Dxrams. In the instant matter, there is a recorded statement of Mr. Dxrams on the date that he was arrested, March 20, 2018. At this point there does not appear to be a valid basis to object to the introduction of the recorded statement if Mr. Dxrams testifies.

The United States may also seek to enter statements of co-conspirators into evidence against the Defendant Dxrams.

> Federal Rule of Evidence 801(d)(2)(E) provides that "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not inadmissible hearsay as to that party. Four requirements must be met before statements can be admitted under this exception. It must appear: (1) that a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy. The district court must be able to find these requirements by a preponderance of the evidence

United States v. McGlory, 968 F.2d 309, 333 (3d Cir. 1992), cert. denied, 507 U.S. 962 (1993). (citing Bourjaily v. United States, 483 U.S. 171 (1987) and United States v. Gambino, 926 F.2d 1355, 1361 (3d Cir.), cert. denied, 111 S. Ct. 2800 (1991)). If either the government or the Defense seeks to introduce any of the statements made by any of the numerous alleged co-conspirators, they will have to meet the aforementioned exception. Ordinarily, a statement against penal interest has clear guarantees of trustworthiness because, human nature being what it is, a person is unlikely to implicate himself unless he was in fact involved in a criminal undertaking. United States v. Katsougrakis, 715 F.2d 769, 774 (2nd Cir. (1984). However, a declarant whose statements are

against his own penal interest as well as the accused may have less than honorable motives for volunteering said information, and is subject to careful scrutiny. Id. The standard for those dual inculpatory statements is clear, the moving party must show by a preponderance of the evidence that the statement falls within a recognized exception to the hearsay rule and must confirm its trustworthiness. Ohio v. Roberts, 448 U.S. 56, 65-66 (1980) The defense reserves their right to supplement this argument as evidentiary issues present themselves during trial, as at this point they are premature.

## VI. Hostile or Adverse Witnesses and Leading Questions

The United States may call witnesses that may act as hostile or are identified with an adverse party. Since this is a criminal case, they cannot call the Defendant to testify. The United States may seek to have a witness declared as hostile, but they should wait until that the witness demonstrates their propensity to be at the least evasive or adverse. United States v. Brown, 603 F.2d 1022, 1026 (1st Cir. 1979). (Finding that a court was correct in allowing attorney to treat witness as hostile, after a long attempt at treating the witness normally). The defense reserves their rights to treat their witnesses as hostile, after they have demonstrated being adverse to questioning.

Although it is within the court's power to restrain the use of leading questions during cross examination, it is an extremely limited practice and only occurs when a witness is being questioned by his own attorney. Since this is a criminal case and this cannot happen, this has no relevance here. Furthermore, as long as the cross-examination has the flavor of a cross-examination there is no need to ban the customary use of leading questions. Fed. Rule Evid. 611(c) Advisory Committee Notes.

## VII. Chain of Custody and Authenticity of an Exhibit

"Authenticity [of evidence] is elemental to relevance, for 'evidence cannot have a tendency to make the existence of a disputed fact more or less likely if the evidence is not that which its proponent claims'" United States v. Rawlins, 606 F.3d 73, 82 (3d Cir. 2010) (quoting United States v. Branch, 970 F.2d 1368, 1370 (4th Cir. 1992). "Establishing a chain of custody is one form of proof sufficient to support a finding that the matter in question is what its proponent claims." Id. (citing United States v. Mendel, 746 F.2d 155, 166 (2d Cir. 1984) and United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982)). In other words, in a criminal case, the prosecution must offer sufficient "evidence from which the trier [of fact] could reasonably believe that an item still is what the [government] claims it to be." Id. (citing United States v. Mejia, 597 F.3d 1329, 1336 (D.C. Cir. 2010)).

## CONCLUSION

For the aforementioned reasons, the undersigned requests the relief contained in this brief be granted.

Respectfully submitted,

/S/ MICHAEL OROZCO____

Price, Meese, Shulman & D'Arminio, PC
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
(201) 391 3737
morozco@pricemeese.com
Bar ID#: 017392003