**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*Joyce M. Malliet*
*Assistant U.S. Attorney*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

February 5, 2025

***Via ECF and E-mail***

The Honorable Brian R. Martinotti
United States District Judge
U.S. Post Office Building & Courthouse
Federal Square
Newark, NJ 07102

**Re: United States v. Daniel Kusi, Crim. No. 18-00379 (BRM)**

Dear Judge Martinotti:

The Government opposes the motion for early termination of supervised release of Daniel Kusi, f/k/a "Daniel K. Dxrams" ("Kusi"). Kusi has failed to carry his burden of demonstrating that reducing his three-year term of supervised release is warranted in the interest of justice under 18 U.S.C. § 3583(e)(1). Thus, his motion should be denied.

## Background

Following an approximately three-week trial, on June 20, 2019, a federal jury found Kusi guilty on multiple counts of an Amended Second Superseding Indictment that charged him with: one count of conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349; ten counts of mail fraud, each in violation of Title 18, United States Code, Section 1341; one count of falsification in bankruptcy proceedings, in violation of Title 18, United States Code, Section 1519; and one count of bankruptcy fraud, in violation of Title 18, United States Code, Section 152(2). ECF #133.

On January 7, 2020, the Honorable John Michael Vazquez (Ret.) sentenced Kusi to 57 months' imprisonment on each of the counts of conviction, to be served concurrently.[1] Additionally, a term of supervised release of three years was

[1] An Amended Judgment was filed on January 10, 2020 correcting a clerical error that reflected 58 months on the Judgment of January 7, 2020 instead of 57 months.

imposed, a forfeiture judgement was entered in the amount of $82,000, and restitution of $93,235.99 was ordered. ECF #163, ECF #165.

On or about August 22, 2023, Kusi began serving his term of supervised release, which expires on or about August 22, 2026. He now seeks to terminate supervision nearly 18 months early because he claims that although he is currently employed, he is unable to obtain employment in his preferred field of social work because of his active supervision.

## Analysis

## The Interest of Justice Does Not Call for Early Termination of Supervised Release

### 1. The Applicable Standard

Early termination of supervised release is not in the best interest of justice given Kusi's serious conduct, his ongoing obligation to pay restitution, and since supervision is not practically affecting his ability to work, among other factors.

Under 18 U.S.C. § 3583(e), this Court may terminate a term of supervised release prior to its expiration. The statute provides, in relevant part:

> [t]he court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

"[A]s the party receiving the benefit of early termination," the burden is on Kusi "to demonstrate that such a course of action is justified." United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). After all, it "logically follows that the burden of ultimate persuasion should rest upon the party attempting to adjust the sentence." United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989). In assessing whether Kusi has met that burden, this Court must consider:

(1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

(3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);

(4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

(6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, this Court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. (quotation marks omitted). Furthermore, "[d]istrict courts are not required to make specific findings of fact with respect to each of these" specified § 3553(a) "factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." Id. at 53.

Repudiating contrary language in earlier non-precedential opinions, however, *Melvin* held that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. Although "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release," they are not "*necessary* for such termination." Id.

Nonetheless, "*generally*, early termination of supervised release under § 3583(e)(1) will be proper" as a discretionary matter "only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quotation marks omitted). "That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced," as § 3553(a) requires, a reviewing court "would

expect that something will have changed in the interim that would justify an early end to a term of supervised release." Id.

**2. Reducing Kusi's Three-Year Term of Supervised Release is Not Warranted in the Interest of Justice**

Here, none of the relevant factors weigh in favor of Kusi's request. Judge Vazquez previously considered the Section 3553(a) factors and decided that the sentence, including a three-year term of supervised release, was sufficient, but not greater than necessary. There is no reason now to second guess that determination.

Kusi's crime was serious. He was engaged in a fraudulent debt elimination scheme, the object of which was to unlawfully discharge debts such as mortgages, car leases, and credit card bills, to fraudulently obtain money and property. Kusi and his co-conspirators used fraudulent money orders and cashier's checks in their effort to discharge their debts. Specifically, Kusi and his co-conspirators conspired to, and created, fraudulent cashier's checks, which they mailed to various luxury car companies in order to obtain titles to such vehicles.

After Kusi was unable to discharge many of his debts through the cashier's check scheme, he turned to the bankruptcy code for financial relief and filed a bankruptcy petition in U.S. Bankruptcy Court for the District of New Jersey in which he made false statements and concealed facts about his income, including significant amounts of cash from his car rental business, his assets, certain property, and his marital status. He also made false statements under oath during the bankruptcy proceeding. Kusi additionally provided false testimony during the civil lawsuit involving one of the luxury car companies as well as during his criminal trial with regard to his transactions with that luxury car company.

Thus, as set forth in 18 U.S.C. § 3553(a), the three-year term of supervision and its attendant conditions reflect the seriousness of Kusi's criminal conduct—which resulted in over $90,000 in losses to the victim companies. Additionally, the three-year term of supervision promotes respect for the law, provides just punishment for the offense, and protects the general public from Kusi.

Further, Kusi's prison sentence of 57 months (at the bottom of the sentencing guidelines range of 57 to 71 months), and the 3-year term of supervised release (at the top of the sentencing guidelines range of 1 to 3 years), fell within the sentencing guideline range established for his crimes. *See* 18 U.S.C. § 3553(a)(4)(A). Thus, Kusi cannot argue that a reduction of his supervised release term is necessary in order to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6).

Further, Kusi continues to owe restitution to the victims of his offenses. *See* 18 U.S.C. § 3553(a)(7). He still owes $11,878.64. It should be noted that Kusi was

not always compliant with the restitution order, as evidenced by Probation's Report of Noncompliance filed on October 23, 2023. ECF # 226. While currently compliant with the restitution order, Kusi's prior noncompliance highlights the importance of continued oversight. Continuing his supervised release will ensure that he makes timely payments toward his restitution for at least the duration of the term imposed by the Court.

Kusi simply falls short of meeting his burden of showing that early termination of supervised release is warranted in the "interest of justice." He is currently gainfully employed as a Guest Services Assistant with Hilton Gardens Inn. It is unclear as to whether Kusi even has the credentials to be employed as a social worker. Even if he has obtained the requisite credentials, and even if, accepting his claim that supervision is a hinderance to pursue social work, this field will still be available for him to pursue in less than two years. Kusi fails to articulate how, given all the relevant 3553(a) factors, his preference to pursue social work necessitates early termination.

Indeed, the U.S. Probation Office has informed the Court and the Government that Kusi is on low-intensity supervision, which requires only periodic check-ins and prior authorization to travel. These conditions do not in any way unreasonably hinder Kusi.

Kusi notes in his motion that he has complied with the conditions of supervision. While this compliance is commendable, it is precisely the behavior that is required and expected while serving a term of supervised release and does not weigh in favor of Kusi's request. See United States v. Damiano, 2020 WL 7263183 at *2 (E.D. Pa. Dec. 10, 2020) ("[B]asic compliance with the terms of supervised release generally is not enough to warrant termination of supervised release. It is the expectation. Indeed, if the fact of a period of compliance is enough to terminate supervised release, the exception would swallow the rule."); United States v. Diehl, 2020 WL 7074686 at *2 (W.D. Pa. Dec. 3, 2020) (defendant "has been compliant with the terms of his supervision, however, the fact of compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases.").

Taking into consideration the seriousness of Kusi's conduct and the interest of justice, early termination of the term of supervised release previously imposed by Judge Vazquez is unwarranted.

## **Conclusion**

For the foregoing reasons, the Government respectfully submits that Kusi's motion should be denied as unwarranted under 18 U.S.C. § 3583(e)(1).

Respectfully Submitted,

VIKAS KHANNA
Acting United States Attorney

Joyce M. Malliet

Joyce M. Malliet
Assistant United States Attorney